‘OPINION of the Court, by'
Ch. J. Boyle
this ’was an action of assault and battery. After a verdict fbr the plaintiff, a motion for a new trial was made by the defendant, Founded upon his affidavit, stating in substance, that he had since the tria!, discovered new and rii ate rial evidence, of which he had no knowledge at the time of trial; but what that evidence was, he did not disclose. The circuit court overruled the motion, and gave judgment for the plaintiff; fro® which the defendant appealed to this court.
The only question is, whether the defendant made out sufficient grounds for a new trial. Verdicts have sometimes been set aside and new trials awarded, uport the discovery of material evidence since the trial, but this is always done with great caution, and is allowable only, where the party making the application discloses the evidence. Such a disclosure of the evidence, fay enabling the court to judge of its materiality, wifi not only guard against the honest prejudices of the party, who, biassed by his own interest, will nit (infrequently think that material, which is wholly irrelevant ; but what is of more consequence ⅛ the administration of justice, will tend to defeat the artifices of the dishonest, who might be willing to swear to the materiality of that which he knew to be otherwise.
Whether in addition to the disclosure of the nature of the evidence, it may be proper to require the production of the affidavits of the witnesses, or account for their non production, need not in this case be decided; since, as the disclosure of the evidence was not made, the motion for a new trial was on that ground properly overruled.
Wherefore it is considered by the court, that the judgment of the circuit court be affirmed, and that the appellee proceed to have the benefit of said judgment, together with ten per cent, damages upon the amount thereof.